### STRALEY et al. v. SCHNEPP.

(Supreme Court, Appellate Term. May 23, 1905.)

ATTORNEYS—ACTION FOR SERVICES—EMPLOYMENT..

In an action for plaintiffs' services in probating the will of defendant's husband, the defense being that they were rendered at request of B., whom defendant had engaged to collect a legacy for 5 per cent. thereof, which defendant claimed, and B. denied, was to cover the expense of probating such will—it appearing that plaintiffs were retained generally by B. at the time the will was probated, and there being testimony that defendant had requested plaintiffs to probate the will—it was error to refuse, with the statement that it is a mere question of retainer, plaintiffs' requested charge that, aside from the question of mere retainer, if defendant directed them to probate the will, they were entitled to recover.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John A. Straley and others against Catherine Schnepp. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

D. W. Steele, Jr., for appellants.
Patrick J. O'Beirne, for respondent.

TRUAX, J. The plaintiffs brought this action to recover for professional services alleged to have been rendered in procuring the probate of the will of defendant's deceased husband. The rendition of the services and their value were not disputed. The defense was that such services were rendered at the request of the firm of Henry Bischoff & Co., whom the defendant had engaged to collect the proceeds of a legacy due her said husband from the estate of a deceased relative in Germany. The only question at issue was whether the defendant employed the plaintiffs, or whether Bischoff & Co. employed them, and this question was closely contested. It was shown that at the time the will was probated the plaintiffs were the general attorneys for Bischoff & Co. It was also shown that the latter firm had contracted with the defendant to collect said legacy for an agreed compensation of 5 per

cent., which percentage, the defendant claimed, included the costs and expenses of probating the will, and which Bischoff & Co. claimed was not to include the costs, etc., of probating the will. The case went to the jury, and plaintiffs' counsel asked the court to charge the jury "that if they believe we did the work with the approval of the defendant, that she came there and wanted us to probate this will—aside from the question of mere retainer, if she came there and directed us to probate this will—we are entitled to recover." This request was refused, the court saying: "No; it's a question of retainer." The court had previously charged the jury that, if they found that the defendant had retained the plaintiffs to do the work, the plaintiffs must have a verdict; and the retainer mentioned in the request and the judge's reply evidently referred to that of the plaintiffs by Bischoff & Co. The refusal to charge as requested practically directed the jury to disregard the testimony as to any request having been made to the plaintiffs, and left for their determination the question only whether the plaintiffs had been retained by the defendant or by Bischoff & Co. to do the work. That plaintiffs were retained generally by Bischoff & Co. was not disputed, and that fact was a circumstance to be considered by the jury in determining who was liable for the value of plaintiffs' services; but such fact was not conclusive, and the plaintiffs were entitled to have the instruction given to the jury by the court that, if they should find that a request to probate the will had been made to plaintiffs by the defendant, she was liable therefor, notwithstanding the general retainer of Bischoff & Co. For this error the judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.